**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MELISSA GREEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Civil Action No.** |
| **FOCUS BRANDS INC. d/b/a** | § | |
| **SCHLOTZSKY'S** | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL

Defendant Focus Brands Inc. ("Defendant" or "Focus Brands") in the above-styled action, hereby files its Notice of Removal by and through the undersigned attorneys of record.  Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, the above-captioned action is removed from the 272nd Judicial District Court, Brazos County, Texas to the United States District Court for the Southern District of Texas, Houston Division, and as grounds for such removal, Defendant respectfully states as follows:

### I.
### STATE COURT ACTION

1.      On September 27, 2016, Melissa Green ("Plaintiff") filed Plaintiff's Original Petition in the 272nd Judicial District Court of Brazos County, Texas, styled *Melissa Green v. Focus Brands Inc. d/b/a Schlotzsky's*; Cause No. 16-002501-CV-272 (the "State Court Action").

2.      In her Original Petition Plaintiff claims that Defendant discriminated against her in the terms and conditions of her employment on the basis of her female gender. *See Plaintiff's Original Petition* ¶¶ 20 and 21. Plaintiff further alleges that she was subjected to a hostile work environment and retaliated against once she complained of such behavior in violation of Chapter

21 of the Texas Labor Code and the Texas Commission on Human Rights ("TCHRA"). *See Plaintiff's Original Petition* ¶ 22 and 23.

## II.
## PROCEDURAL REQUIREMENTS

3.     Defendant was served with the Original Petition on October 25, 2016. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) within thirty (30) days of the receipt of the initial pleading setting forth the claim for relief.

4.     This action is properly removed to this Court, as the State Court Action is pending within this district and division.  28 U.S.C. §§ 1441, 1446(a).

5.     Pursuant to 28 U.S.C. § 1446(a) and LR 81 Defendant is attaching a true and correct copy of the entire file or record in the State Court Action, including all process, pleadings, and orders served upon Defendant in this action.

6.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal, and will promptly file a copy of this Notice of Removal with the District Clerk of Brazos County, Texas.

## A.     Diversity Jurisdiction

7.     A defendant may remove an action to federal court when there is complete diversity among parties and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332(a) and 1441(a). As set forth below, complete diversity exists in this case, and the amount in controversy requirement is satisfied.  Accordingly, removal to this Court is proper.

9.     For removal purposes, a corporation is a citizen of both the state where it was incorporated and the state where it maintains its principal place of business. At time this lawsuit was filed and at the time of removal, Defendant Focus Brands was and is incorporated under the laws of the State of Delaware.  Focus Brands headquarters and principal place of business was and

is in Atlanta, Georgia. Focus Brands is thus a citizen of the States of Delaware and Georgia. At time this lawsuit was filed and at the time of removal, Plaintiff was and is a citizen of and resident in the State of Texas. *See Plaintiff's Original Petition,* ¶ 2. Thus, the adverse parties are citizens of different states and are completely diverse.

10.     It is facially apparent from Plaintiff's Petition that the amount in controversy requirement is met, as she alleges to seek monetary relief over $200,000.00 but not more than $1,000,000.00. *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) ("For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith."); *De Aguilar v. Boeing Co.,* 47 F. 3d 1404, 1408 (5th Cir.), *cert. denied,* 516 U.S. 865 (1995). Plaintiff also seeks compensatory damages, back pay, front pay, and attorney's fees. *See Plaintiff's Original Petition,* ¶ Prayer. Removal is timely.

12.     By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it, including, but not limited to, lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, the expiration of any statute of limitations, bar by statute of frauds, or failure by Plaintiff to state any claim upon which relief may be granted.

13.     Pursuant to LR 81, the following documents, if applicable, are attached to this Notice of Removal:

    a.     All executed process in the case;

    b.     Pleadings asserting causes of action, e.g. petitions, counterclaims, cross actions, third party actions, interventions and all answers to such pleadings;

    c.     All orders signed by the state judge;

    d.     The docket sheet;

e.     An index of matters being filed; and

f.     A list of all counsel of record, including addresses, telephone numbers and parties represented.

**III.**

**PRAYER**

Wherefore, Defendant removes this action from the 272nd District Court of Brazos County,

Texas to the United States District Court for the Southern District of Texas, Houston Division, so

that this Court may assume jurisdiction over this case, as provided by law.

Respectfully submitted,

*/s/ Rachel Z. Ullrich*
Rachel Z. Ullrich
ATTORNEY IN CHARGE
Texas Bar No. 24003234
S.D. Bar No. 22347
1601 Elm Street, Suite 4450
Dallas, Texas  75201
Telephone:  (214) 256-470
Facsimile:  (214) 256-4701
rullrich@fordharrison.com
**ATTORNEY FOR DEFENDANT**
**FOCUS BRANDS INC.**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 18th day of November, 2016, a true and accurate copy of the foregoing Defendant's ***Notice of Removal*** was served on the following counsel of record for Plaintiff via ECF:

Gregg M. Rosenberg
Rosenberg & Sprovach
3518 Travis Street, Suite 610
Houston, Texas 77027
713-960-8300 (Phone)
713-621-6670 (Fax)

*/s/ Rachel Z. Ullrich*
Rachel Z. Ullrich

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MELISSA GREEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Civil Action No.** |
| **FOCUS BRANDS INC. d/b/a** | § | |
| **SCHLOTZSKY'S** | § | |
| | § | |
| **Defendant.** | § | |

**INDEX OF ITEMS BEING FILED WITH NOTICE OF REMOVAL**

| No. | Date | Description |
|---|---|---|
| 1 | 9/27/2016 | Plaintiff's Original Petition |
| 2. | | Citation |
| 3. | 11/14/2016 | Defendant's Answer and Affirmative and Other Defenses to Plaintiff's Original Petition |
| 4. | 11/18/2016 | Docket Sheet |
| 5. | 11/18/2016 | Notice of Filing Notice of Removal – State |
| 6. | 11/18/2016 | List of All Counsel of Record and Parties Represented |

Filed 9/27/2016 12:47:52 PM
Marc Hamlin, District Clerk
Brazos County, Texas
Kristin Emert

## 16-002501-CV-272
CAUSE NO. _____

| | | |
|---|---|---|
| MELISSA GREEN, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| vs. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| FOCUS BRANDS INC. d/b/a | § | |
| SCHLOTZSKY'S. | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW, Melissa Green, (hereinafter referred to as "Green" or "Plaintiff"), complaining of Focus Brands Inc. d/b/a Scholtzsky's (hereinafter referred to as "Schlotzsky's" or "Defendant") and for cause of action would respectfully show this Honorable Court as follows:

### Discovery Control Plan

1. Discovery in this case should be conducted in accordance with a discovery control plan under Texas Rule of Civil Procedure 190.3 (Level 2).

### Parties

2. Plaintiff Melissa Green is an individual who resides in Brazos County, College Station, Texas.

3. Defendant Focus Brands Inc. d/b/a Scholtzsky's is a foreign corporation doing business in Texas and employs more than fifteen (15) regular employees. Defendant can be served by serving its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Ben Hill, Norcross, GA, 30092.

### Jurisdiction and Venue

4. Venue is appropriate in Harris County pursuant to § 15.002 TEX. CIV. PRAC. & REM. CODE because a substantial part of the events or omissions giving rise to the matter in

controversy before the court occurred in Brazos County, College Station, Texas. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

### Timeliness

5.  Plaintiff brought this suit within sixty (60) days from the date of receipt of Texas Commission on Human Rights issuance of the Notice of Right to File a Civil Action.

6.  Plaintiff filed Plaintiff's lawsuit within two years of the date Plaintiff filed his Charge of Discrimination.

### Administrative Conditions Precedent

7.  Plaintiff has completed all administrative conditions precedent, since Plaintiff filed her charge of discrimination within 180 days of the date Plaintiff learned of the adverse employment action.

8.  Jurisdiction is also appropriate since this action was filed on or before two years from the date Plaintiff filed her complaint with the Texas Commission on Human Rights.

### No Federal Claims

9.  Plaintiff does not assert any federal claims in this proceeding. Additionally, Plaintiff is in no way seeking damages or remedies that may stem from a federal cause of action.

### Facts

10. Plaintiff worked for Defendant from approximately Sept. 1, 2015 until her wrongful termination on or about Feb. 20, 2016. At the time of her termination, Plaintiff held the position of cashier and worked at the Schlotzsky's located at 2210 Harvey Mitchell Parkway South, College Station, Texas 77845.

11.  Plaintiff's General Manager, Tye Franz and another male Cashier, Brian Merrell repeatedly made sexually suggestive and inappropriate comments in the workplace that made Plaintiff feel harassed and uncomfortable.

12.  These comments included but are not limited to:

- Mr. Franz stating, "I would fuck the shit out of Mark Wahlberg, he is so fucking hot."

- Plaintiff asked Mr. Franz if they had a 10 inch pizza ready while she was working the drive through and he responded, "yeah, I got 10 inches for ya" while laughing and pointing to his penis.

- While Plaintiff was working, a male cashier, Brian Mercell openly discussed his sexual details with Mr. Franz, stating his new boyfriend was a virgin and described how "his ass-hole was so tight."

13.  Plaintiff felt these comments were inappropriate and made her feel uncomfortable. Plaintiff was disturbed that such conversations were being held in public in the workplace.

14.  On or about February 27, 2016, Plaintiff complained to Rico about the hostile work environment she faced.  Rico was Plaintiff's direct manager, the Store Manager at the location that Plaintiff worked. She specifically reported the sexual comments that Tye made. She told Rico that while working she was subjected to hearing constant sexual and inappropriate comments and conversations.  Plaintiff was hysterically crying and was upset about what was going on.  Plaintiff left work that day because she was very distraught, two hours before the end of her shift.  Rico begged Plaintiff not to quit and

she stated that she was not quitting she was just too distraught and could not stop crying so had to go home for the rest of the day.

15.   The following day after Plaintiff complained about the hostile work environment she was subjected to, Plaintiff learned that she was removed from the schedule.  Tye contacted her and claimed that she had quit her job on Feb. 27, 2016 when she left work after speaking with Rico.

16.   Plaintiff spoke with a representative from Human Resources, Evelina Rojas, on or about, March 7, 2016, and was told that she was already terminated in the system.

17.   Plaintiff had a positive performance record and never received any disciplinary actions prior to her complaint about hostile work environment/sexual harassment.

18.   Plaintiff Melissa Green, as specified below, was sexually harassed, discriminated against based on her gender and retaliated against and subjected to a hostile work environment in violation of Texas state laws against discrimination.

## Causes of Action

### I.
*Gender Discrimination, Sexual Harassment, Hostile Work Environment, and Retaliation*

19.   Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

20.   At all times relevant to this lawsuit Plaintiff was, on account of her sex, female, a member of a protected class.

21.   Defendant treated the Plaintiff less favorably in the terms and conditions of her employment than its similarly situated male employees because of her sex, female.

22.   Defendant is also liable to Plaintiff for sexual discrimination in that she was the victim of a hostile work environment.  Plaintiff was subjected to unwelcomed sexual harassment, the harassment was on account of her sex, the harassment was severe and pervasive, and

it adversely affected the terms and conditions of her employment. Furthermore, Defendant was, or should have been, aware of the sexual harassment to which Plaintiff was subjected and the hostile work environment in which she worked, but took no preventive, prompt, or effective remedial action.

23.     The sexual harassment and discriminatory treatment by Defendant was sufficiently pervasive to alter the conditions of Plaintiff's employment and to create a hostile working environment which was intimidating, insulting and abusive to the reasonable person in Plaintiff's position. These acts constitute sexual harassment and/or gender discrimination and retaliation for protesting and reporting sexual harassment and discrimination in violation of Texas Labor Code §21.001 et. seq.

24.     This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff.

25.     As a result of Defendant's mistreatment, discrimination and harassment, and Defendant's refusal to take remedial action on Plaintiff's complaints, Plaintiff was discharged in violation of Texas Labor Code 21.001 et seq.

26.     By discriminating against and terminating Plaintiff, Defendant violated the prohibitions against gender discrimination, hostile work environment (based on gender) and retaliation as found in Chapter 21 of the Texas Labor Code and the Texas Commission on Human Rights Act ("TCHRA").

27.     Additionally, the aforementioned discrimination/retaliation was done with malice or with reckless disregard for the protected rights of the Plaintiff.

### Attorneys' Fees

28.   Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis Street, Suite 200, Houston, Texas 77002 in initiating this proceeding.   Plaintiff seeks recovery of reasonable and necessary attorney's fees.   An award of reasonable and necessary attorney's fees to Plaintiff would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

### Jury Demand

29.   Plaintiff hereby makes Plaintiff's request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Harris County, Texas the jury fee of forty ($40.00) dollars.

### Claim for Relief

30.   Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00 as set for the at Rule 47(c)(4) of the Texas Rules of Civil Procedure.   Damages are in excess of the minimum jurisdictional limits of this court.

### Damages

31.   As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## Prayer

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer herein, and then on final hearing, Plaintiff have judgment as follows:

a.  Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

b.  Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

c.  Judgment against Defendant, for front pay by Plaintiff as alleged herein;

d.  Grant Plaintiff general damages for the damage to Plaintiff's reputation;

e.  Pre-judgment interest at the highest legal rate;

f.  Post-judgment interest at the highest legal rate until paid;

g.  Compensatory damages;

h.  Attorney's fees;

i.  All costs of court expended herein;

j.  Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
Texas State Bar ID 17268750
Gregg@rosenberglaw.com
ROSENBERG & SPROVACH
3518 Travis, Suite 610
Houston, Texas 77027
(713) 960-8300 (Tel)
(713) 621-6670 (Fax)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH

ATTORNEYS FOR PLAINTIFF

*Plaintiff's Original Petition*

*Page 7*

Courthouse Co...
5208 Harrisburg Blvd., Ste. F
Houston, Texas 77011

7012 1640 0002 0204 2771



1000

30092

U.S. POSTAGE
PAID
HOUSTON, TX
77002
OCT 18, 16
AMOUNT
**$7.15**
R2305M146464-16

Focus Brands, Inc.
D/B/A Schlotzskys
C/o Corporation Service Company
40 Technology Parkway South
Suite 300 - Ben Hill -
Norcross, GA 30092

CLERK OF THE COURT
    Marc Hamlin
    300 East 26th Street, Suite 1200
    Bryan, TX 77803

**ATTORNEY FOR PLAINTIFF**
**ROSENBURG, GREGG M.**
**3518 TRAVIS SUITE 200**
**HOUSTON, TEXAS 77002**

THE STATE OF TEXAS      **CITATION**

NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a
written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after
you were served this citation and petition, a default judgment may be taken against you."

TO <u>Focus Brands Inc., D/b/a Schlotzsky's c/o CORPORTATION SERVICE COMPANY who may
be served at 40 Technology Parkway Southsuite 300, Ben Hill, Norcross, GA 30092</u> Defendant,

Greeting:
    You are hereby commanded to appear by filing a written answer to the <u>Plaintiff's Original Petition</u>
at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of
service of this citation before the Honorable <u>272nd District Court</u> of Brazos County, Texas at the
Courthouse of said County in Bryan, Texas. Said Petition was filed on the <u>27th</u> day of <u>September</u> A.D.
2016, in the case, numbered <u>16-002501-CV-272</u> on the docket of said court, and styled,

<u>Melissa Green</u> Plaintiff
VS.
<u>FOCUS BRANDS INC., d/b/a SCHLOTZSKY'S</u> Defendant

    The nature of Plaintiff's demand is fully shown by a true and correct copy of <u>Plaintiff's Original
Petition</u> accompanying this citation and made a part thereof.
    The officer executing the writ shall promptly serve the same according to requirements of the law,
and the mandates thereof, and make due return as the law directs.
    Issued and given under my hand and sealed of said Court at office, this the <u>29th</u> day of <u>September</u>,
2016

Marc Hamlin
Clerk of Brazos County, Texas

By _____ Deputy

**OFFICER'S RETURN**

    Came to hand on the _____ day of _____, 20___, at _____ o'clock ___.M.
Executed at _____, within the County of _____ at _____ o'clock
___.M. on the _____ day of _____, 20___, by delivering to the within
named_____
_____ each, in person, a true copy of this citation together with the accompanying
copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed
on such copy of citation the date of delivery.
    Total fee for serving this citation_____

                                             Sheriff Account

    To certify which witness my hand officially.

                                           No._____

For Clerk's Use
Taxed_____           Sheriff of _____County, Texas
Returned Record_____    By _____Deputy

Filed 11/14/2016 10:22:17 AM
Marc Hamlin, District Clerk
Brazos County, Texas
Kristin Emert

## CAUSE NO. 16-002501-CV-272

| | | |
|---|---|---|
| MELISSA GREEN, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 272nd JUDICIAL DISTRICT |
| | § | |
| FOCUS BRANDS INC. d/b/a | § | |
| SCHLOTZSKY'S, | § | BRAZOS COUNTY, TEXAS |
| | § | |
| Defendant. | § | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE AND
### OTHER DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Defendant Focus Brands Inc. ("Defendant" or "Focus Brands"), by and through the undersigned counsel, and files this its Answer and Affirmative and Other Defenses to Plaintiff Melissa Green's ("Plaintiff" or "Green") Original Petition ("Petition"), as follows:

### I.
### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally and specifically denies all of the allegations in Plaintiff's Petition including any and all supplements and amendments thereto, and demands strict proof thereof by a preponderance of the evidence. Further, Defendant denies the performance or occurrence of conditions precedent under Rule 54 of the Texas Rules of Civil Procedure.

### II.
### AFFIRMATIVE AND OTHER DEFENSES

Defendant pleads the following affirmative and other defenses to the extent such defenses are applicable, and reserves the right to amend its Answer to plead additional or other defenses which may become apparent during discovery in this case:

---

## First Defense

Defendant affirmatively pleads that Plaintiff's Petition fails to state a claim upon which relief may be granted.

## Second Defense

Defendant affirmatively pleads that Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

## Third Defense

Defendant affirmatively pleads that any recovery by Plaintiff in this lawsuit may be precluded or limited by the doctrine of after-acquired evidence.

## Fourth Defense

Defendant affirmatively pleads that to the extent Plaintiff failed to mitigate her damages, her claims for lost wages should be denied or, in the alternative, reduced.

## Fifth Defense

Defendant affirmatively pleads that any alleged adverse employment actions taken regarding Plaintiff's employment with Focus Brands were based on legitimate, non-discriminatory business decisions and not for any unlawful reason.

## Sixth Defense

Defendant asserts that Plaintiff's alleged damages, if any, are too speculative to permit recovery; in the alternative, if Defendant is found liable and damages are awarded, all maximum statutory caps must be applied to Plaintiff's claims by the Court.

## Seventh Defense

Defendant asserts that Plaintiff's claims are barred to the extent she has failed to exhaust her administrative remedies.

## Eighth Defense

To the extent that they exceed the scope and investigation of Plaintiff's underlying charge of discrimination, Plaintiff's claims and allegations are barred.

## Ninth Defense

Pleading in the alternative, and without waiver of Plaintiff's burden to prove that any employment action was motivated by an impermissible factor, Defendant affirmatively pleads that it would have taken the same action in absence of the alleged impermissible motivating factor.

## Tenth Defense

Defendant asserts, without admitting that it engaged in any of the acts or conduct attributed to it in the Petition, that Plaintiff's claims and damages are barred in whole or in part by Plaintiff's failure to take reasonable and necessary steps to avoid the harm and/or consequences that she allegedly suffered.

## Eleventh Defense

Defendant exercised reasonable care to prevent and promptly correct any allegedly harassing or discriminatory behavior based on a legally protected characteristic of Plaintiff.

## Twelfth Defense

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant to avoid the harm about which she complains.

**Thirteenth Defense**

Defendant denies responsibility or liability for any alleged damages sustained by Plaintiff. However, if Plaintiff has sustained damages, then such damages, if any, should be reduced by the amount Plaintiff could reasonably have mitigated such damages by proper action and by the amount, if any, Plaintiff had actually mitigated such alleged damages, if any.

**Fourteenth Defense**

Plaintiff's claims are barred because Defendant has, in good faith, acted in conformity with Chapter 21 of the Texas Labor Code f/k/a the Texas Commission on Human Rights Act ("TCHRA").

**Fifteenth Defense**

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver to the extent that she failed to notify and/or complain to Defendant of the allegations asserted in Plaintiff's Petition.

**Sixteenth Defense**

Defendant is entitled to an offset for income, compensation and benefits that Plaintiff received from other employers as well as unemployment benefits that may have been paid on her behalf.

**Seventeenth Defense**

Any and all acts, conduct and/or omissions of Defendant in regard to Plaintiff were taken in good faith and without oppression or malice for Plaintiff and her rights, thereby precluding any and all claims for punitive damages.  Plaintiff is not entitled to recover punitive damages because Plaintiff has failed to plead facts sufficient to support allegations of malice, oppression, or fraud, and such damages are either not recoverable or are limited in amount.

### III.
### CONCLUSION AND PRAYER

WHEREFORE, Defendant prays that this Court dismiss Plaintiff's Original Petition, award Defendant attorneys' fees and costs, and order such other and further relief, at law or in equity, to which it may be justly entitled to receive.

Respectfully submitted,


By:     *Rachel Z. Ullrich*_____
         Rachel Z. Ullrich
         Texas Bar No. 24003234
         rullrich@fordharrison.com
         Rachel E. Kelly
         Texas Bar No. 24083299
         rkelly@fordharrisonc.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas  75201
Telephone:  (214) 256-4700
Facsimile:  (214) 256-4701

**ATTORNEYS FOR DEFENDANT
FOCUS BRANDS INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of November 2016, I filed the above and foregoing

***Defendant's Answer and Affirmative and Other Defenses to Plaintiff's Original Petition*** with

the Clerk of the Court, and have also served a copy of same to all counsel of record as listed below

via facsimile:

Gregg M. Rosenberg
Rosenberg & Sprovach
3518 Travis Street, Suite 610
Houston, Texas 77027
713-960-8300 (Phone)
713-621-6670 (Fax)

/s/ *Rachel Z. Ullrich*
Rachel Z. Ullrich

## Case Information

16-002501-CV-272 | MELISSA GREEN vs. FOCUS BRANDS INC. D/B/A SCHLOTZSKY'S

| Case Number | Court | File Date |
|---|---|---|
| 16-002501-CV-272 | 272nd District Court | 09/27/2016 |
| Case Type | Case Status | |
| Civil Case - Other | Filed | |

## Party

Plaintiff
GREEN, MELISSA

Active Attorneys ▾

Lead Attorney
ROSENBURG, GREGG M.
Retained

Work Phone
713-960-8300

Defendant
FOCUS BRANDS INC DBA SCHLOTZSKYS

Address
40 TECHNOLOGY PARKWAY
SOUTHSUITE 300
Norcross GA 30092

## Events and Hearings

09/27/2016 New Cases Filed (OCA)

09/27/2016 PLAINTIFF'S ORIGINAL PETITION ▾

PLAINTIFF'S ORIGINAL PETITION

09/29/2016 CITATION ▾

CITATION

09/29/2016 Citation ▾

Comment
Name: FOCUS BRANDS INC DBA SCHLOTZSKYS Type: CIT County: 021 Authority: District Clerk
Status: N Return: District Clerk

11/14/2016 ANSWER ▾

ANSWER

## Financial

No financial information exists for this case.

## Documents

PLAINTIFF'S ORIGINAL PETITION

ANSWER

CITATION

CAUSE NO. 16-002501-CV-272

| | | |
|---|---|---|
| **MELISSA GREEN,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **272nd JUDICIAL DISTRICT** |
| | § | |
| **FOCUS BRANDS INC. d/b/a** | § | |
| **SCHOLTZSKY'S,** | § | **BRAZOS COUNTY, TEXAS** |
| | § | |
| **Defendant.** | § | |

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1446(d), Defendant Focus Brands Inc. hereby gives notice that it has removed this civil action to the United States District Court for the Southern District of Texas, Houston Division, as evidenced by the Notice of Removal filed therein, a copy of which is attached to this Notice as <u>Exhibit 1</u>.  This Notice completes the removal of this case to federal court pursuant to 28 U.S.C. § 1446 and precludes this Court from further proceedings in this cause unless and until the action is remanded.

Respectfully submitted,


By:   *Rachel Z. Ullrich*
      Rachel D. Ullrich
      Texas Bar No. 24003234
      rullrich@fordharrison.com
      Rachel E. Kelly
      Texas Bar No. 24083299
      rkelly@fordharrisonc.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas  75201
Telephone:  (214) 256-4700
Facsimile:  (214) 256-4701

**ATTORNEYS FOR DEFENDANT**
**FOCUS BRANDS INC.**


## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 18th day of November, 2016, a true and accurate copy of the foregoing Defendant's ***Notice of Filing Notice of Removal*** was served on the following counsel of record for Plaintiff via certified mail, return receipt requested:

Gregg M. Rosenberg
Rosenberg & Sprovach
3518 Travis Street, Suite 610
Houston, Texas 77027
713-960-8300 (Phone)
713-621-6670 (Fax)


                              */s/ Rachel Z. Ullrich*
                              Rachel Z. Ullrich

---

NOTICE OF FILING NOTICE OF REMOVAL – Page 2
WSACTIVELLP:8836947.1

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MELISSA GREEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Civil Action No.** |
| **FOCUS BRANDS INC. d/b/a** | § | |
| **SCHLOTZSKY'S** | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL

Defendant Focus Brands Inc. ("Defendant" or "Focus Brands") in the above-styled action, hereby files its Notice of Removal by and through the undersigned attorneys of record.  Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, the above-captioned action is removed from the 272nd Judicial District Court, Brazos County, Texas to the United States District Court for the Southern District of Texas, Houston Division, and as grounds for such removal, Defendant respectfully states as follows:

## I.
## STATE COURT ACTION

1.       On September 27, 2016, Melissa Green ("Plaintiff") filed Plaintiff's Original Petition in the 272nd Judicial District Court of Brazos County, Texas, styled *Melissa Green v. Focus Brands Inc. d/b/a Schlotzsky's*; Cause No. 16-002501-CV-272 (the "State Court Action").

2.       In her Original Petition Plaintiff claims that Defendant discriminated against her in the terms and conditions of her employment on the basis of her female gender. *See Plaintiff's Original Petition* ¶¶ 20 and 21. Plaintiff further alleges that she was subjected to a hostile work environment and retaliated against once she complained of such behavior in violation of Chapter

21 of the Texas Labor Code and the Texas Commission on Human Rights ("TCHRA"). *See Plaintiff's Original Petition* ¶ 22 and 23.

## II.
## PROCEDURAL REQUIREMENTS

3.      Defendant was served with the Original Petition on October 25, 2016. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) within thirty (30) days of the receipt of the initial pleading setting forth the claim for relief.

4.      This action is properly removed to this Court, as the State Court Action is pending within this district and division.  28 U.S.C. §§ 1441, 1446(a).

5.      Pursuant to 28 U.S.C. § 1446(a) and LR 81 Defendant is attaching a true and correct copy of the entire file or record in the State Court Action, including all process, pleadings, and orders served upon Defendant in this action.

6.      Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal, and will promptly file a copy of this Notice of Removal with the District Clerk of Brazos County, Texas.

### A.      Diversity Jurisdiction

7.      A defendant may remove an action to federal court when there is complete diversity among parties and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332(a) and 1441(a). As set forth below, complete diversity exists in this case, and the amount in controversy requirement is satisfied.  Accordingly, removal to this Court is proper.

9.      For removal purposes, a corporation is a citizen of both the state where it was incorporated and the state where it maintains its principal place of business. At time this lawsuit was filed and at the time of removal, Defendant Focus Brands was and is incorporated under the laws of the State of Delaware.  Focus Brands headquarters and principal place of business was and

is in Atlanta, Georgia.  Focus Brands is thus a citizen of the States of Delaware and Georgia.  At time this lawsuit was filed and at the time of removal, Plaintiff was and is a citizen of and resident in the State of Texas.  *See Plaintiff's Original Petition,* ¶ 2.  Thus, the adverse parties are citizens of different states and are completely diverse.

10.     It is facially apparent from Plaintiff's Petition that the amount in controversy requirement is met, as she alleges to seek monetary relief over $200,000.00 but not more than $1,000,000.00.  *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) ("For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith."); *De Aguilar v. Boeing Co.,* 47 F. 3d 1404, 1408 (5th Cir.), *cert. denied,* 516 U.S. 865 (1995). Plaintiff also seeks compensatory damages, back pay, front pay, and attorney's fees.  *See Plaintiff's Original Petition,* ¶ Prayer.  Removal is timely.

12.     By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it, including, but not limited to, lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, the expiration of any statute of limitations, bar by statute of frauds, or failure by Plaintiff to state any claim upon which relief may be granted.

13.     Pursuant to LR 81, the following documents, if applicable, are attached to this Notice of Removal:

a.     All executed process in the case;

b.     Pleadings asserting causes of action, e.g. petitions, counterclaims, cross actions, third party actions, interventions and all answers to such pleadings;

c.     All orders signed by the state judge;

d.     The docket sheet;

e.      An index of matters being filed; and

f.      A list of all counsel of record, including addresses, telephone numbers and parties represented.

## III.
## PRAYER

Wherefore, Defendant removes this action from the 272nd District Court of Brazos County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over this case, as provided by law.

Respectfully submitted,

*/s/ Rachel Z. Ullrich*
Rachel Z. Ullrich
ATTORNEY IN CHARGE
Texas Bar No. 24003234
S.D. Bar No. 22347
1601 Elm Street, Suite 4450
Dallas, Texas  75201
Telephone:  (214) 256-470
Facsimile:  (214) 256-4701
rullrich@fordharrison.com
**ATTORNEY FOR DEFENDANT**
**FOCUS BRANDS INC.**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 18th day of November, 2016, a true and accurate copy of the foregoing Defendant's ***Notice of Removal*** was served on the following counsel of record for Plaintiff via ECF:

Gregg M. Rosenberg
Rosenberg & Sprovach
3518 Travis Street, Suite 610
Houston, Texas 77027
713-960-8300 (Phone)
713-621-6670 (Fax)

*/s/ Rachel Z. Ullrich*
Rachel Z. Ullrich

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MELISSA GREEN, | § |
| | § |
| **Plaintiff,** | § |
| | § |
| vs. | § |
| | §    **Civil Action No.** |
| FOCUS BRANDS INC. d/b/a | § |
| SCHLOTZSKY'S | § |
| | § |
| **Defendant.** | § |

## INDEX OF ITEMS BEING FILED WITH NOTICE OF REMOVAL

| No. | Date | Description |
|---|---|---|
| 1 | 9/27/2016 | Plaintiff's Original Petition |
| 2. | | Citation |
| 3. | 11/14/2016 | Defendant's Answer and Affirmative and Other Defenses to Plaintiff's Original Petition |
| 4. | 11/18/2016 | Docket Sheet |
| 5. | 11/18/2016 | Notice of Filing Notice of Removal – State |
| 6. | 11/18/2016 | List of All Counsel of Record and Parties Represented |

Filed 9/27/2016 12:47:52 PM
Marc Hamlin, District Clerk
Brazos County, Texas
Kristin Emert

**16-002501-CV-272**

CAUSE NO. _____

| | | |
|---|---|---|
| MELISSA GREEN, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| vs. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| FOCUS BRANDS INC. d/b/a | § | |
| SCHLOTZSKY'S. | § | |
| *Defendant.* | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW, Melissa Green, (hereinafter referred to as "Green" or "Plaintiff"), complaining of Focus Brands Inc. d/b/a Scholtzsky's (hereinafter referred to as "Schlotzsky's" or "Defendant") and for cause of action would respectfully show this Honorable Court as follows:

### Discovery Control Plan

1.    Discovery in this case should be conducted in accordance with a discovery control plan under Texas Rule of Civil Procedure 190.3 (Level 2).

### Parties

2.    Plaintiff Melissa Green is an individual who resides in Brazos County, College Station, Texas.

3.    Defendant Focus Brands Inc. d/b/a Scholtzsky's is a foreign corporation doing business in Texas and employs more than fifteen (15) regular employees. Defendant can be served by serving its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Ben Hill, Norcross, GA, 30092.

### Jurisdiction and Venue

4.    Venue is appropriate in Harris County pursuant to § 15.002 TEX. CIV. PRAC. & REM. CODE because a substantial part of the events or omissions giving rise to the matter in

controversy before the court occurred in Brazos County, College Station, Texas. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

## Timeliness

5.   Plaintiff brought this suit within sixty (60) days from the date of receipt of Texas Commission on Human Rights issuance of the Notice of Right to File a Civil Action.

6.   Plaintiff filed Plaintiff's lawsuit within two years of the date Plaintiff filed his Charge of Discrimination.

## Administrative Conditions Precedent

7.   Plaintiff has completed all administrative conditions precedent, since Plaintiff filed her charge of discrimination within 180 days of the date Plaintiff learned of the adverse employment action.

8.   Jurisdiction is also appropriate since this action was filed on or before two years from the date Plaintiff filed her complaint with the Texas Commission on Human Rights.

## No Federal Claims

9.   Plaintiff does not assert any federal claims in this proceeding. Additionally, Plaintiff is in no way seeking damages or remedies that may stem from a federal cause of action.

## Facts

10.   Plaintiff worked for Defendant from approximately Sept. 1, 2015 until her wrongful termination on or about Feb. 20, 2016.  At the time of her termination, Plaintiff held the position of cashier and worked at the Schlotzsky's located at 2210 Harvey Mitchell Parkway South, College Station, Texas 77845.

11.    Plaintiff's General Manager, Tye Franz and another male Cashier, Brian Merrell repeatedly made sexually suggestive and inappropriate comments in the workplace that made Plaintiff feel harassed and uncomfortable.

12.    These comments included but are not limited to:

- Mr. Franz stating, "I would fuck the shit out of Mark Wahlberg, he is so fucking hot."

- Plaintiff asked Mr. Franz if they had a 10 inch pizza ready while she was working the drive through and he responded, "yeah, I got 10 inches for ya" while laughing and pointing to his penis.

- While Plaintiff was working, a male cashier, Brian Mercell openly discussed his sexual details with Mr. Franz, stating his new boyfriend was a virgin and described how "his ass-hole was so tight."

13.    Plaintiff felt these comments were inappropriate and made her feel uncomfortable. Plaintiff was disturbed that such conversations were being held in public in the workplace.

14.    On or about February 27, 2016, Plaintiff complained to Rico about the hostile work environment she faced.  Rico was Plaintiff's direct manager, the Store Manager at the location that Plaintiff worked. She specifically reported the sexual comments that Tye made. She told Rico that while working she was subjected to hearing constant sexual and inappropriate comments and conversations.  Plaintiff was hysterically crying and was upset about what was going on.  Plaintiff left work that day because she was very distraught, two hours before the end of her shift.  Rico begged Plaintiff not to quit and

she stated that she was not quitting she was just too distraught and could not stop crying so had to go home for the rest of the day.

15.    The following day after Plaintiff complained about the hostile work environment she was subjected to, Plaintiff learned that she was removed from the schedule.  Tye contacted her and claimed that she had quit her job on Feb. 27, 2016 when she left work after speaking with Rico.

16.    Plaintiff spoke with a representative from Human Resources, Evelina Rojas, on or about, March 7, 2016, and was told that she was already terminated in the system.

17.    Plaintiff had a positive performance record and never received any disciplinary actions prior to her complaint about hostile work environment/sexual harassment.

18.    Plaintiff Melissa Green, as specified below, was sexually harassed, discriminated against based on her gender and retaliated against and subjected to a hostile work environment in violation of Texas state laws against discrimination.

## Causes of Action

### I.

### *Gender Discrimination, Sexual Harassment, Hostile Work Environment, and Retaliation*

19.    Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

20.    At all times relevant to this lawsuit Plaintiff was, on account of her sex, female, a member of a protected class.

21.    Defendant treated the Plaintiff less favorably in the terms and conditions of her employment than its similarly situated male employees because of her sex, female.

22.    Defendant is also liable to Plaintiff for sexual discrimination in that she was the victim of a hostile work environment.  Plaintiff was subjected to unwelcomed sexual harassment, the harassment was on account of her sex, the harassment was severe and pervasive, and

it adversely affected the terms and conditions of her employment. Furthermore, Defendant was, or should have been, aware of the sexual harassment to which Plaintiff was subjected and the hostile work environment in which she worked, but took no preventive, prompt, or effective remedial action.

23. The sexual harassment and discriminatory treatment by Defendant was sufficiently pervasive to alter the conditions of Plaintiff's employment and to create a hostile working environment which was intimidating, insulting and abusive to the reasonable person in Plaintiff's position. These acts constitute sexual harassment and/or gender discrimination and retaliation for protesting and reporting sexual harassment and discrimination in violation of Texas Labor Code §21.001 et. seq.

24. This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff.

25. As a result of Defendant's mistreatment, discrimination and harassment, and Defendant's refusal to take remedial action on Plaintiff's complaints, Plaintiff was discharged in violation of Texas Labor Code 21.001 et seq.

26. By discriminating against and terminating Plaintiff, Defendant violated the prohibitions against gender discrimination, hostile work environment (based on gender) and retaliation as found in Chapter 21 of the Texas Labor Code and the Texas Commission on Human Rights Act ("TCHRA").

27. Additionally, the aforementioned discrimination/retaliation was done with malice or with reckless disregard for the protected rights of the Plaintiff.

## Attorneys' Fees

28.     Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis Street, Suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to Plaintiff would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

## Jury Demand

29.     Plaintiff hereby makes Plaintiff's request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Harris County, Texas the jury fee of forty ($40.00) dollars.

## Claim for Relief

30.     Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00 as set for the at Rule 47(c)(4) of the Texas Rules of Civil Procedure. Damages are in excess of the minimum jurisdictional limits of this court.

## Damages

31.     As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## Prayer

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer herein, and then on final hearing, Plaintiff have judgment as follows:

a.  Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

b.  Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

c.  Judgment against Defendant, for front pay by Plaintiff as alleged herein;

d.  Grant Plaintiff general damages for the damage to Plaintiff's reputation;

e.  Pre-judgment interest at the highest legal rate;

f.  Post-judgment interest at the highest legal rate until paid;

g.  Compensatory damages;

h.  Attorney's fees;

i.  All costs of court expended herein;

j.  Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
Texas State Bar ID 17268750
Gregg@rosenberglaw.com
ROSENBERG & SPROVACH
3518 Travis, Suite 610
Houston, Texas 77027
(713) 960-8300 (Tel)
(713) 621-6670 (Fax)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH

ATTORNEYS FOR PLAINTIFF

*Plaintiff's Original Petition*

*Page 7*

Courthouse Co...
5208 Harrisburg Blvd., Ste. F
Houston, Texas 77011

7012 1640 0002 0204 2771



1000

30092

U.S. POSTAGE
PAID
HOUSTON, TX
77002
OCT 18, 16
AMOUNT
$7.15
R2305M146464-16

Focus Brands, Inc.
D/B/A Schlotzskys
C/o Corporation Service Company
40 Technology Parkway South
Suite 300 -Ben Hill-
Norcross, GA 30092

CLERK OF THE COURT
    Marc Hamlin
    300 East 26th Street, Suite 1200
    Bryan, TX 77803

                    **ATTORNEY FOR PLAINTIFF**
                    **ROSENBURG, GREGG M.**
                    **3518 TRAVIS SUITE 200**
                    **HOUSTON, TEXAS 77002**

THE STATE OF TEXAS         **CITATION**

NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO <u>Focus Brands Inc., D/b/a Schlotzsky's c/o **CORPORATION SERVICE COMPANY who may be served at 40 Technology Parkway Southsuite 300, Ben Hill, Norcross, GA 30092**</u> Defendant,

Greeting:
       You are hereby commanded to appear by filing a written answer to the <u>**Plaintiff's Original Petition**</u> at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable <u>272nd **District Court**</u> of Brazos County, Texas at the Courthouse of said County in Bryan, Texas. Said Petition was filed on the <u>27th</u> day of <u>September</u> A.D. 2016, in the case, numbered <u>**16-002501-CV-272**</u> on the docket of said court, and styled,

<u>**Melissa Green**</u> Plaintiff
VS.
<u>**FOCUS BRANDS INC., d/b/a SCHLOTZSKY'S**</u> Defendant

       The nature of Plaintiff's demand is fully shown by a true and correct copy of <u>**Plaintiff's Original Petition**</u> accompanying this citation and made a part thereof.
       The officer executing the writ shall promptly serve the same according to requirements of the law, and the mandates thereof, and make due return as the law directs.
       Issued and given under my hand and sealed of said Court at office, this the <u>29th</u> day of <u>September</u>, 2016

                           Marc Hamlin
                         Clerk of Brazos County, Texas

       By _____ Deputy

                   **OFFICER'S RETURN**

       Came to hand on the _____ day of _____, 20____, at _____ o'clock ____.M.
Executed at _____, within the County of _____ at _____ o'clock
____.M. on the _____ day of _____, 20____, by delivering to the within named _____
_____ each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.
          Total fee for serving this citation _____

                                 Sheriff Account
       To certify which witness my hand officially.
                                 No. _____

For Clerk's Use                    _____
Taxed _____             Sheriff of _____ County, Texas
Returned Record _____       By _____ Deputy

Filed 11/14/2016 10:22:17 AM
Marc Hamlin, District Clerk
Brazos County, Texas
Kristin Emert

## CAUSE NO. 16-002501-CV-272

| | | |
|---|---|---|
| **MELISSA GREEN,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **272nd JUDICIAL DISTRICT** |
| | § | |
| **FOCUS BRANDS INC. d/b/a** | § | |
| **SCHLOTZSKY'S,** | § | **BRAZOS COUNTY, TEXAS** |
| | § | |
| **Defendant.** | § | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE AND
### OTHER DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Defendant Focus Brands Inc. ("Defendant" or "Focus Brands"), by and through the undersigned counsel, and files this its Answer and Affirmative and Other Defenses to Plaintiff Melissa Green's ("Plaintiff" or "Green") Original Petition ("Petition"), as follows:

### I.
### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally and specifically denies all of the allegations in Plaintiff's Petition including any and all supplements and amendments thereto, and demands strict proof thereof by a preponderance of the evidence. Further, Defendant denies the performance or occurrence of conditions precedent under Rule 54 of the Texas Rules of Civil Procedure.

### II.
### AFFIRMATIVE AND OTHER DEFENSES

Defendant pleads the following affirmative and other defenses to the extent such defenses are applicable, and reserves the right to amend its Answer to plead additional or other defenses which may become apparent during discovery in this case:

---

**First Defense**

Defendant affirmatively pleads that Plaintiff's Petition fails to state a claim upon which relief may be granted.

**Second Defense**

Defendant affirmatively pleads that Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

**Third Defense**

Defendant affirmatively pleads that any recovery by Plaintiff in this lawsuit may be precluded or limited by the doctrine of after-acquired evidence.

**Fourth Defense**

Defendant affirmatively pleads that to the extent Plaintiff failed to mitigate her damages, her claims for lost wages should be denied or, in the alternative, reduced.

**Fifth Defense**

Defendant affirmatively pleads that any alleged adverse employment actions taken regarding Plaintiff's employment with Focus Brands were based on legitimate, non-discriminatory business decisions and not for any unlawful reason.

**Sixth Defense**

Defendant asserts that Plaintiff's alleged damages, if any, are too speculative to permit recovery; in the alternative, if Defendant is found liable and damages are awarded, all maximum statutory caps must be applied to Plaintiff's claims by the Court.

## Seventh Defense

Defendant asserts that Plaintiff's claims are barred to the extent she has failed to exhaust her administrative remedies.

## Eighth Defense

To the extent that they exceed the scope and investigation of Plaintiff's underlying charge of discrimination, Plaintiff's claims and allegations are barred.

## Ninth Defense

Pleading in the alternative, and without waiver of Plaintiff's burden to prove that any employment action was motivated by an impermissible factor, Defendant affirmatively pleads that it would have taken the same action in absence of the alleged impermissible motivating factor.

## Tenth Defense

Defendant asserts, without admitting that it engaged in any of the acts or conduct attributed to it in the Petition, that Plaintiff's claims and damages are barred in whole or in part by Plaintiff's failure to take reasonable and necessary steps to avoid the harm and/or consequences that she allegedly suffered.

## Eleventh Defense

Defendant exercised reasonable care to prevent and promptly correct any allegedly harassing or discriminatory behavior based on a legally protected characteristic of Plaintiff.

## Twelfth Defense

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant to avoid the harm about which she complains.

**Thirteenth Defense**

Defendant denies responsibility or liability for any alleged damages sustained by Plaintiff. However, if Plaintiff has sustained damages, then such damages, if any, should be reduced by the amount Plaintiff could reasonably have mitigated such damages by proper action and by the amount, if any, Plaintiff had actually mitigated such alleged damages, if any.

**Fourteenth Defense**

Plaintiff's claims are barred because Defendant has, in good faith, acted in conformity with Chapter 21 of the Texas Labor Code f/k/a the Texas Commission on Human Rights Act ("TCHRA").

**Fifteenth Defense**

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver to the extent that she failed to notify and/or complain to Defendant of the allegations asserted in Plaintiff's Petition.

**Sixteenth Defense**

Defendant is entitled to an offset for income, compensation and benefits that Plaintiff received from other employers as well as unemployment benefits that may have been paid on her behalf.

**Seventeenth Defense**

Any and all acts, conduct and/or omissions of Defendant in regard to Plaintiff were taken in good faith and without oppression or malice for Plaintiff and her rights, thereby precluding any and all claims for punitive damages.  Plaintiff is not entitled to recover punitive damages because Plaintiff has failed to plead facts sufficient to support allegations of malice, oppression, or fraud, and such damages are either not recoverable or are limited in amount.

**III.**
**CONCLUSION AND PRAYER**

WHEREFORE, Defendant prays that this Court dismiss Plaintiff's Original Petition, award

Defendant attorneys' fees and costs, and order such other and further relief, at law or in equity, to

which it may be justly entitled to receive.

Respectfully submitted,


By:  *Rachel Z. Ullrich*
Rachel Z. Ullrich
Texas Bar No. 24003234
rullrich@fordharrison.com
Rachel E. Kelly
Texas Bar No. 24083299
rkelly@fordharrisonc.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas  75201
Telephone:  (214) 256-4700
Facsimile:  (214) 256-4701

**ATTORNEYS FOR DEFENDANT**
**FOCUS BRANDS INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November 2016, I filed the above and foregoing *Defendant's Answer and Affirmative and Other Defenses to Plaintiff's Original Petition* with the Clerk of the Court, and have also served a copy of same to all counsel of record as listed below via facsimile:

Gregg M. Rosenberg
Rosenberg & Sprovach
3518 Travis Street, Suite 610
Houston, Texas 77027
713-960-8300 (Phone)
713-621-6670 (Fax)

/s/ *Rachel Z. Ullrich*
Rachel Z. Ullrich

## Case Information

16-002501-CV-272 | MELISSA GREEN vs. FOCUS BRANDS INC. D/B/A SCHLOTZSKY'S

Case Number
16-002501-CV-272

Court
272nd District Court

File Date
09/27/2016

Case Type
Civil Case - Other

Case Status
Filed

## Party

Plaintiff
GREEN, MELISSA

Active Attorneys ▾

Lead Attorney
ROSENBURG, GREGG M.
Retained

Work Phone
713-960-8300

Defendant
FOCUS BRANDS INC DBA SCHLOTZSKYS

Address
40 TECHNOLOGY PARKWAY
SOUTHSUITE 300
Norcross GA 30092

## Events and Hearings

09/27/2016 New Cases Filed (OCA)

09/27/2016 PLAINTIFF'S ORIGINAL PETITION ▾

PLAINTIFF'S ORIGINAL PETITION

09/29/2016 CITATION ▾

CITATION

09/29/2016 Citation ▾

Comment
Name: FOCUS BRANDS INC DBA SCHLOTZSKYS Type: CIT County: 021 Authority: District Clerk
Status: N Return: District Clerk

11/14/2016 ANSWER ▾

ANSWER

## Financial

No financial information exists for this case.

## Documents

PLAINTIFF'S ORIGINAL PETITION

ANSWER

CITATION

**LIST OF ALL COUNSEL OF RECORD AND PARTIES REPRESENTED**

Gregg M. Rosenberg
Texas Bar No. 17268750
Gregg@rosenberglaw.com
**ROSENBERG & SPROVACH**
3518 Travis Street, Suite 610
Houston, Texas 77027
713-960-8300 (Phone)
713-621-6670 (Fax)

**ATTORNEY FOR PLAINTIFF**

Rachel Z. Ullrich
ATTORNEY IN CHARGE
Texas Bar No. 24003234
S.D. ID No. 22347
RUllrich@fordharrison.com
**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas  75201
214-256-4700
214-256-4701 (Facsimile)


**ATTORNEY FOR DEFENDANT**
**FOCUS BRANDS INC.**